IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 09-68-SLR |
| ) | |
| ANNE MARIE CONNOR, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of June, 2010, having considered defendant's pro se motions to dismiss and requests for appointment of experts and the papers submitted in connection therewith;

IT IS ORDERED that, for the reasons stated, defendant's motions to dismiss and requests for experts (D.I. 81) are denied:

1. **Background.** On June 11, 2009, a grand jury returned a twelve-count indictment charging defendant with tax evasion and filing false federal income tax returns. (D.I. 2) The defendant has entered a plea of not guilty to the charges.[1] On May 5, 2010, defendant filed fifteen pre-trial motions (D.I. 81), to which the government has filed its opposition (D.I. 88). A jury trial is scheduled to commence on July 26, 2010.

2. **Standard of Review.** Federal Rule of Criminal Procedure 47 mandates that any motion be in writing and specify the "the grounds on which it is based and the relief

---

[1] The court's order of June 14, 2010 provides additional background. (D.I. 87)

or order sought." Fed. R. Crim. P. 47(b).

    3. **Discussion.** Although defendant's fifteen motions are each styled with compelling conclusory language for dismissal, each fails to support the relief requested with any legal or factual basis to mandate dismissal of the indictment. Specifically, defendant's first motion alleges prosecutorial manipulation of the grand jury, yet provides absolutely no detail or explanation for the relief requested. Similarly defendant's motions to dismiss due to: (1) falsification of evidence; (2) false swearing; (3) constructive fraud and counterfeit securities issued by government officials and employees; (4) identity theft; (5) undelegated authority through corporate charters . . tax ID numbers and CAGE codes . . . ; (6) government employee's involvement in interstate organized crime and racketeering organizations; and (7) unlawful detention or conversion of her personal property are completely void of factual basis. Instead, defendant merely states the title of the motion without adding any factual or legal argument. To the extent that defendant's motions implicate a legal basis, courts have universally rejected such legal arguments. *See generally, Monroe v. Beard,* 536 F.3d 198, 202 n.4 (3d Cir. 2008); *United States v. Waalee*, No. 04-2178, 133 Fed. Appx. 819, n.2 (3d Cir. May 17, 2005); *United States v. Buczek*, 08-CR-54S, (W.D. N.Y. July 24, 2009).

    4. Defendant's motion to dismiss under the Sovereign Immunities Act, 28 U.S.C. § 1604 fails, because she is not a "foreign state" entitled to protection under the Act. *Smantar v. Yousef,* No. 08-1555, __ U.S. ___, 2010 WL 2160785 (June 1, 2010). Defendant's motion to dismiss due to defense counsel's malpractice was previously

deemed without merit and does not constitute a ground to dismiss the indictment. Defendant's motions to dismiss "due to the limits of the U.S. Prosecutorial Jurisdiction," "due to the prosecution of unconstitutional sentences" and "due to federal violation of separation of powers" present neither compelling factual or legal grounds for dismissal. *See United States v. Goard*, No. 97-5251, 1997 WL 362219, at *1 (6th Cir. June 24, 1997).

5. Defendant's motion to dismiss based on Double Jeopardy protection is unavailing considering that she has not been previously prosecuted for the charges at bar. *Yeagar v. United States*, ___ U.S. ___, 129 S.Ct. 2360 (2009). To the extent defendant contends that dismissal is warranted based on prosecutorial misconduct, the record is absolutely devoid of any conduct implicating this theory. *United States v. Voigt*, 89 F.3d 1050, 1065 (3d Cir. 1996); *United States v. Hoffecker*, 530 F.3d 137, 154 (3d Cir. 2008).

6. Having concluded that there is no basis to grant any of defendant's motions to dismiss, her accompanying requests for the appointment of experts, ostensibly to present testimony on her theories to the jury, is denied as moot. Further, the court finds that such testimony would not assist the jury to understand the evidence at issue. Fed. R. Evid. 702.

                                               _____
                                               United States District Judge